**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1896**

GARY HARE,

                Plaintiff - Appellant,

     v.

COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, a/k/a Comcast,

                Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:12-cv-01830-GLR)

Submitted: March 26, 2014          Decided: April 1, 2014

Before GREGORY and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark T. Mixter, THE LAW OFFICES OF MARK T. MIXTER, Baltimore, Maryland, for Appellant. Michelle M. McGeogh, Timothy F. McCormack, BALLARD SPAHR LLP, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Hare appeals from the district court's orders denying his motion to compel discovery, denying his motion to strike Comcast Cable Communications Management's ("Comcast") opposition to the motion to compel, granting attorneys' fees to Comcast related to the motions, and granting Comcast's motion for summary judgment. Hare alleges that Comcast terminated his employment on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2006 & Supp. 2013). Finding no error in district court's rulings, we affirm.

I.

First, Hare challenges the district court's order denying his motion to compel discovery and to extend the discovery deadline. He argues that the testimony he sought was crucial to his case and that he should not be penalized for seeking to conduct discovery by consent rather than court order.

District courts are afforded substantial discretion in managing discovery, and we review a discovery ruling for an abuse of that discretion. United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002). Here, after a lengthy hearing, the district court denied Hare's motion to compel, finding that Hare's failure to depose a key witness before the discovery deadline was attributable to

2

the lack of timely efforts by his own counsel. The court further found an extension of the discovery deadline was not warranted because Hare had had several months to secure discovery, and he failed to seek an extension before discovery closed. These findings find ample support in the record and were accordingly well within the lower court's discretion.

## II.

Hare next argues that the district court erred by denying his motion to strike Comcast's opposition to his motion to compel. He contends that certain allegations in the opposition were not supported by the record and were unrelated to the motion to compel. Again our review is for abuse of discretion, see United States v. Coney, 689 F.3d 365, 379 (5th Cir. 2012), and we find no such abuse in the district court's denial of the motion to strike.

## III.

Next, Hare challenges the district court's decision to award attorneys' fees and costs for Comcast's defense of the motions to compel and to strike, arguing that the motions were substantially justified. Rule 37(a)(5)(B) provides for an award of expenses if a motion to compel discovery is denied, unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). A motion is substantially justified if "a reasonable person

3

could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 565-66 n.2 (1988).

Hare's motions contained substantial misrepresentations that went to the heart of his requests to compel and extend discovery and to strike Comcast's opposition. The motions rested on the false and unreasonable assertion that Hare's counsel had been denied the opportunity to conduct the deposition through no fault of his own. We therefore conclude that the district court did not abuse its discretion in awarding Comcast its reasonable costs in defending the intertwined motions to compel and to strike. See Hoyle v. Freightliners, LLC, 650 F.3d 321, 329 (4th Cir. 2011) (standard of review). In addition, the fee calculations were well supported by Comcast's affidavit and detailed hours log, and the district court did not err in declining to consider Hare's untimely opposition.

## IV.

Finally, Hare challenges the district court's grant of summary judgment to Comcast on the Title VII claim. We review de novo a district court's grant of summary judgment, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). We agree with the district court

4

that Hare failed to demonstrate by direct or circumstantial evidence that race was a motivating factor in his termination. Nor does the record support Hare's argument that he was performing his job in a satisfactory manner at the time of his termination.  See Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007).

Finally, we are unpersuaded by Hare's argument that summary judgment was premature because additional discovery remained to be completed.  As discussed above, Hare had ample time to complete discovery within the deadline established by a scheduling order, and the district court did not abuse its discretion by refusing to extend the time allotted.

V.

Accordingly, we affirm the disputed orders and the entry of summary judgment for Comcast.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED

5